Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| O.P.P.E.A. en representación de REINALDO GARCÍA ROSARIO<br><br>Apelada-Recurrida<br><br>v.<br><br>FRIDA MARCHOSKY KOGAN<br><br>Apelante-Peticionaria | KLAN202500101 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: KAL2016-0380 (704)<br><br>Sobre: Ley 121 Alimentos<br><br>**SE ACOGE COMO UN *CERTIORARI*** |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de febrero de 2025.

Comparece ante este tribunal apelativo la Sra. Frida Marchosky Kogan, por derecho propio, (señora Marchosky Kogan o peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Orden de Protección para el Adulto Mayor* (OAT 1184) dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 21 de noviembre de 2024, notificada ese mismo día. Mediante este dictamen, el foro primario concedió la petición al amparo de la Ley núm. 121-2019, instada por la Oficina de Asuntos Legales de la Oficina del Procurador de las Personas de Edad Avanzada (OPPEA), (la recurrida) en contra de la peticionaria.

Acogemos el presente recurso de *Apelación*, identificado con el alfanumérico KLAN202500101, como uno de *Certiorari*, pues se recurre de una orden de protección dictada al amparo de la Ley núm.

Número Identificador
RES2025_____

121-2019.[1] No obstante, por economía procesal el recurso seguirá con el alfanumérico asignado por nuestra Secretaría.

Por los fundamentos que expondremos a continuación, procedemos a desestimar el recurso de *certiorari*.

**I.**

El 21 de agosto de 2024, la Oficina de Asuntos Legales de la Oficina del Procurador de las Personas de Edad Avanzada (OPPEA) presentó ante el foro primario una *URGENTE MOCIÓN DE INTERVENCIÓN, SOLICITUD DE ORDEN DE PROTECCIÓN A LA LUZ DE LA LEY 121 DEL 2019 PARA QUE SE EMITAN DISPOSICIONES CAUTELARES EN PROTECCIÓN DE LA ADULT[O] MAYOR.*[2] En síntesis, se indicó que la apoderada del Sr. Reinaldo García Rosario (señor García Rosario, adulto mayor), la señora Marchosky Kogan, colocó en una situación de riesgo al adulto mayor al no emitir el pago en su totalidad al hogar de cuidado de larga duración en donde residía, por lo que estaba en riesgo de ser expulsado. Adicionalmente, se expresó que el lugar de cuidado enfrentaba problemas con la apoderada. También, se solicitó al tribunal una orden de protección en contra de la peticionaria; así como otra al Registro de Poderes y Testamentos adscritos a ODIN para que se anotara un gravamen sobre el poder legal duradero, y así evitar el manejo de bienes y asuntos del adulto mayor.

El 18 de septiembre de 2024, la peticionaria se opuso a la petición de la OPPEA.[3] Sostuvo que el caso de alimentos ante la consideración del tribunal lleva ocho (8) años en curso y sin lograr que los hijos del adulto mayor asuman su obligación en ley. Aseguró

---

[1] La revisión de una orden de protección ante el Tribunal de Apelaciones se lleva a cabo mediante el recurso de *certiorari*. Ley núm. 201-2003, Artículo 4.006 (b), 4 LPRA sec. 24y (b). La Ley núm. 121-2019 no dispone la revisión mediante un recurso de apelación; sin embargo, refiere para su revisión en un tribunal de superior jerarquía sin especificar cuál. Artículo 10 de la Ley núm. 121-2019, 8 LPRA sec. 1520.

[2] Véase, Apéndice del Recurso, a las págs. 1-3.

[3] Véase, Apéndice del Recurso, a las págs. 3-5.

que el adulto mayor nunca ha estado en riesgo. Estimó de acusaciones e injurias falsas las alegaciones en su contra.

Según consta en el expediente, el 4 de noviembre de 2024, el tribunal, mediante una *Orden*, declaró *No Ha Lugar* a una solicitud de la peticionaria sobre la suspensión de una vista sobre la orden de protección solicitada por la OPPEA.[4] La vista se mantendría señalada para el 7 de noviembre de 2024.

El **21 de noviembre de 2024**, el TPI emitió y notificó la Orden de Protección SJL-121-2024-4481 a favor del adulto mayor.[5] El foro primario acompañó el dictamen con Determinaciones de Hechos. En resumen, el tribunal reseñó las vistas de orden de protección celebradas los días 8 de octubre, 7 y 21 de noviembre. Resumió los testimonios de los testigos de la OPPEA y la peticionaria. De lo argumentado por estos, destacó situaciones respecto a patrones de conducta de la señora Marchosky Kogan que provocaron múltiples reubicaciones del adulto mayor a distintos centros de cuidado. La peticionaria negó las alegaciones y sostuvo que todo lo que exigía a los centros de cuidado respondía a proteger los derechos y bienestar del adulto mayor.

El tribunal adjudicó credibilidad a los testigos de la agencia, subrayó la poca cooperación de la señora Marchosky Kogan en el caso de alimentos entre parientes, y determinó que las acciones de esta, lejos de procurar la protección del señor García Rosario, ponían en peligro su salud y seguridad. Así las cosas, otorgó la orden de protección solicitada por la agencia.

---

[4] *Íd.*, a las págs. 35 y 36-37. En su escrito EXTREMADAMENTE URGENTE MOCIÓN DE RECONSIDERACIÓN FECHA DE VISTA, la peticionaria mencionó que tuvo acceso a la notificación el día 5 de noviembre de 2024. Según el expediente, la moción aparece suscrita el 6 de noviembre de 2024.

[5] Véase, Apéndice del Recurso, a las págs. 50-59. La Orden de Protección SJL-121-2024-4481 indica lo siguiente:
**[...] 8. Al presente, está pendiente una acción civil relacionada con estos hechos en el Tribunal de San Juan, Sala de Fam., Caso Número K AL2016-0380.** [...] (Énfasis nuestro).

El **12 de diciembre de 2024**, la peticionaria presentó ante el foro *a quo* una moción intitulada *EXTREMADAMENTE URGENTE MOCIÓN INFORMATIVA DEL PODERDANTE*.[6] Allí, impugnó la emisión de la orden de protección e indicó que la misma se expidió sin ser solicitada por el señor García Rosario y reiteró la capacidad mental de este.[7]

El **19 de diciembre de 2024**, la señora Marchosky Kogan presentó una *EXTREMADAMENTE URGENTE MOCIÓN DE REVOCACIÓN A DETERMINACIÓN SOLICITUD OPPEA* en la cual nuevamente mencionó que el señor García Rosario no solicitó la orden de protección expedida.

Advertimos que, posterior a dicha fecha, del expediente apelativo surge que la peticionaria presentó ante el TPI varias mociones, pero no incluyó cualquier determinación emitida por el foro primario resolviendo las mismas.

Todavía inconforme, la señora Marchosky Kogan acude ante este foro apelativo imputándole al foro de primera instancia haber cometido los siguientes errores:

> 1) VIOLACIÓN DE DERECHO HUMANOS Y FUNDAMENTALES: LIBERTAD, DETERMINACIÓN Y VOLUNTAD PROPIA, ELECCIÓN COMUNICACIÓN, Y VIDA. NO SE RESPETÓ CARTA DE DERECHOS, NO SE RESPETÓ LA LEY. SE LE CONDENÓ A MORIR.
>
> 2) SE VIOLÓ EL DEBIDO PROCESO DE LEY, DE REPRESENTACIÓN LEGAL, DE EQUIDAD, DE TESTIMONIO, FUE CORROMPIDO Y CONDICIONADO. EL TRIBUNAL IGNORÓ LA CARTA DE DERECHOS, ABUSÓ DE SU POSICIÓN, DISCRECIÓN Y PODER. HIZO MANIFESTACIONES INDEBIDAS, ACTUÓ CON PREJUICIO, PARCIALIDAD, Y DISCRIMEN.
>
> 3) OPPEA EN CONFABULACIÓN, Y TRAS BASTIDORES, FABRICÓ FALSA ORDEN DE PROTECCIÓN NO SOLICITADA, NO ACEPTADA, SIN AVAL, CONOCIMIENTO, NI CONSENTIMIENTO POR AM Y PODERDANTE GARCÍA, Y EN CONTRA DE SU VOLUNTAD. FUE UNA PERSECUCIÓN Y CACERÍA.

---

[6] Véase, Apéndice del Recurso, a las págs. 41-42.

[7] *Íd.*, a las págs. 43-49. No obstante esta aseveración, la peticionaria adjuntó un nuevo poder notarial al recurso ante nuestra consideración, poder otorgado el 5 de diciembre de 2024, en donde se nombra al Sr. William Meléndez Sánchez como nuevo apoderado del señor García Rosario. Adicionalmente, al expediente lo acompaña una declaración jurada que apoya el documento.

4) ORDEN DE PROTECCIÓN SIN JUSTIFICACIÓN, SIN CAUSA, SIN FUNDAMENTO EN DERECHO, SIN EVIDENCIA DE MALTRATO O RIESGO, O CONDUCTA CONSTITUTIVA DE DELITO DE ARTÍCULO 6.1 DE LA LEY 121.
LA DETERMINACIÓN NO TIENE LOS ELEMENTOS REQUERIDOS, CRITERIO, EVIDENCIA DIRECTA PERTINENTE, NI BASE EN LEY Y DERECHO, NO PROCEDÍA.

5) IMPUTACIONES SIN EVIDENCIA, NI CONOCIMIENTO PROPIO, REFERENCIA, INCOHERENTE, INCONGRUENTE.

6) EL TRIBUNAL, SIN DERECHO NI AUTORIDAD, IGNORÓ Y ANULÓ DECLARACIÓN JURADA DE GARCÍA, Y PODER LEGAL ADICIONAL, SE VIOLÓ SU DERECHO.

7) EN INFORME DE OPPEA EL AM Y PODERDANTE EXPRESA QUE SIN SU APODERADA ESTARÍA SOLO, PREFERÍA MORIR. NO IMPORTÓ. LO DEJARON MORIR.

Examinado el recurso presentado, determinamos prescindir del escrito en oposición. Regla 7 del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, R. 7.

**II.**

**La jurisdicción**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la

materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.,* 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA Ap. XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (…)
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

**Interrupción del término para presentar recurso apelativo**

Respecto a la interrupción del término para apelar, la Regla 52.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, establece en su inciso (e) lo siguiente:

> (e). Interrupción del término para apelar. - El transcurso del término para apelar **se interrumpirá por la oportuna presentación de una moción** formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término **comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes** en relación con dichas mociones:
>
> (1). Regla 43.1.— En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia, declarando con lugar, denegando o dictando sentencia enmendada ante una moción bajo la Regla 43.1 de este apéndice para enmendar o hacer determinaciones iniciales o adicionales.
> (2). Regla 47. - En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia, **resolviendo definitivamente una moción de reconsideración** sujeto a lo dispuesto en la Regla 47 de este apéndice.
> (3). Regla 48. - En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia, denegando una moción de nuevo juicio bajo la Regla 48 de este apéndice.
> (4). En las apelaciones al Tribunal Supremo provenientes del Tribunal de Apelaciones, resolviendo definitivamente una moción de reconsideración.
> [Énfasis Nuestro].

A su vez, la Regla 47 de las Procedimiento Civil, *supra,* reitera la interrupción del término para apelar y a esos efectos preceptúa:

> ...
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, **dentro del término jurisdiccional** de quince (15) días **desde la fecha de archivo en autos de copia de la notificación de la sentencia**, una moción de reconsideración de la sentencia.
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
> La moción de reconsideración **que no cumpla** con las especificidades de esta regla será declarada "sin lugar" y **se entenderá que no ha interrumpido el término para recurrir**.
> Una vez presentada la moción de reconsideración **quedarán interrumpidos los términos para recurrir en alzada para todas las partes**. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

... [Énfasis nuestro].

Asimismo, puntualizamos que solo la oportuna presentación de una moción de reconsideración, y que cumpla con los requisitos de especificidad, tiene el efecto inmediato de paralizar los términos que las partes tenían para acudir ante este foro intermedio, hasta que el foro primario dispusiera finalmente de la misma. *Mun. Rincón v. Velázquez Muñiz*, 192 DPR 989, 1000 (2015).

### III.

Analizado detenidamente el trámite procesal del caso y los documentos unidos al apéndice nos corresponde, como cuestión de umbral, auscultar si tenemos jurisdicción para atender el recurso, aun cuando ninguna de las partes lo hubiese planteado.

Del trámite procesal antes consignado, y de los diversos escritos, surge diáfanamente que la orden de protección se dictó y se notificó el 21 de noviembre de 2024. Por tanto, advertimos que la señora Marchosky Kogan tenía hasta el **6 de diciembre** para presentar su moción de reconsideración al amparo de la Regla 47, antes citada. Como surge del trámite procesal no es hasta el **12 de diciembre de 2024** que esta impugnó las determinaciones de hechos consignadas por el foro apelado en la orden de protección. Por lo que, tomamos el escrito como una moción de reconsideración, aunque no se haya titulado como tal. En este sentido, precisa advertir que dicha moción <u>no tuvo el efecto de interrumpir el término que tenía la peticionaria</u> para revisar el dictamen ante nuestra consideración. Es decir, el escrito era un petitorio sin eficacia judicial.

En consecuencia, al no haberse presentado una solicitud de reconsideración del dictamen adecuada en derecho, la peticionaria tenía hasta el **26 de diciembre de 2024** para acudir ante este foro intermedio. Ello, como explicamos, ante el hecho incuestionable de que su proceder no interrumpió el término apelativo. Reiteramos,

además, que cualquier determinación que tomara el TPI sobre este petitorio reconsideratorio es inoficioso para computar el término para acudir en alzada ante nuestra consideración.

**Por tanto, recalcamos que la señora Marchosky Kogan contaba con el término de estricto cumplimiento de 30 días para acudir ante este foro apelativo para revisar la determinación.** En este sentido, al haber sido notificada la orden de protección el 21 de noviembre de 2024, reiteramos que esta tenía hasta el **26 de diciembre siguiente** para instar el recurso apelativo.[8] No obstante, la señora Marchosky Kogan escogió presentar mociones ante el TPI e instó el recurso ante este foro intermedio, el 7 de febrero de 2025, lo cual resulta en exceso tardío.

Así las cosas, respecto a la orden de protección objeto de esta solicitud de revisión, nos vemos impedidos de ejercer nuestra función revisora por falta de jurisdicción ante su presentación tardía. Señalamos que, al haberse presentado el recurso fuera del plazo de cumplimiento estricto, sin que mediare justa causa para tal dilación, lo único que procede en derecho es desestimarlo. Sobre este aspecto, destacamos que un término de cumplimiento estricto no se puede prorrogar automáticamente. Al respecto, advertimos que, en el escrito, la peticionaria no alegó justa causa para la demora en la presentación del recurso ante este foro apelativo. Enfatizamos que es responsabilidad de esta parte demostrar justa causa, mediante explicaciones concretas y particulares, que excusara su falta de observancia con dicho requisito reglamentario y nos permitiera prorrogar el plazo. De hecho, en *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013), nuestro Tribunal Supremo señaló que "es un deber acreditar la existencia de justa causa, ***incluso antes***

---

[8] Nótese que el 21 de diciembre de 2024 fue domingo por lo que el término se prorroga al próximo día hábil que era el lunes 23. Regla 67 de las de Procedimiento Civil. Adicionalmente, dicha fecha se prorrogó hasta el jueves 26 de diciembre en virtud de la Orden Administrativa OAJP-2023-111.

*de que un tribunal se lo requiera*, si no se observa un término de cumplimiento estricto". (Énfasis en el original y nuestro).[9] *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 171 (2016).

Relacionado con lo anterior, subrayamos que es responsabilidad de la parte que acuda ante nosotros el perfeccionar su recurso, según lo exige la ley y las disposiciones de nuestro Reglamento. *Morán v. Martí*, 165 DPR 356, 366-367 (2005). Esto aplica igualmente a aquellos litigantes que comparecen ante este foro intermedio por derecho propio, pues, pues ha quedado claramente establecido que la comparecencia por derecho propio no justifica que un litigante incumpla con nuestro Reglamento y con las reglas procesales aplicables. *Febles v. Romar*, 159 DPR 714, 722 (2003).

Por último, entendemos meritorio destacar que, al consultar el número de caso del epígrafe en las bases de datos del Poder Judicial[10], constatamos la existencia de varias fechas señaladas para juicio en su fondo en el foro primario desde marzo hasta junio de 2025 sobre el asunto de alimentos entre parientes.

**IV.**

Por los fundamentos expuestos y el derecho aplicable, se desestima el recurso de epígrafe por falta de jurisdicción. La juez Lebrón Nieves concurre sin opinión escrita.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[9] *Soto Pino v. Uno Radio Group*, supra, a la pág. 97.
[10] El calendario en línea sobre el caso KAL20160380 presenta fechas de señalamientos para Juicio en su Fondo a partir de abril de 2025. Advenimos en conocimiento del fallecimiento del señor García Rosario por los documentos presentados como parte de este recurso.